UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPECIALTYCARE INC., a Delaware corporation, REMOTE NEUROMONITORING PHYSICIANS, PC, a Pennsylvania corporation and SENTIENT PHYSICIANS, PC, an Illinois corporation,

Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation,

Defendant.

JURY TRIAL DEMANDED

Case No.

## COMPLAINT

Plaintiffs, SPECIALTYCARE, INC., REMOTE NEUROMONITORING PHYSICIANS, PC, AND SENTIENT PHYSICIANS, PC (collectively, "**SpecialtyCare**") bring this action against Defendant, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. ("**Florida Blue**"), and allege as follows:

## INTRODUCTION

1. Defendant, Florida Blue, is violating the No Surprises Act ("**NSA**") and engaging in bad faith claims settlement practices. Florida Blue has devised a scheme

to turn the purpose of the NSA on its head. Rather than Independent Dispute Resolution ("IDR") proceedings being a quick, efficient way to resolve payment disputes between out-of-network providers of emergency services and health plans, Florida Blue has used the NSA to deny, delay, and underpay out-of-network providers. After providers receive low initial payments from Florida Blue, providers must jump through the many hoops in the NSA to receive fair compensation. Once a provider receives an IDR award, Florida Blue delays payment far beyond the statutorily mandated 30-day deadline.

2. This scheme falls squarely within the type of unfair and deceptive trade practice that the State of Florida prohibits. To date, Florida Blue has not paid $13,242,850.00 in IDR awards to SpecialtyCare. Florida Blue is ignoring federal law and violating Florida state law and must be held accountable.

## PARTIES, JURISDICTION, AND VENUE

3. SpecialtyCare, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Brentwood, Tennessee. SpecialtyCare, through its affiliates and subsidiaries, is a leading national health care provider of intraoperative neuromonitoring throughout the United States, including Florida. SpecialtyCare has two affiliated entities: Plaintiffs, Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC. Remote

Neuromonitoring Physicians, PC is organized under the laws of the state of Pennsylvania and Sentient Physicians, PC, is organized under the laws of the state of Illinois. Both are professional corporations with principal places of business located in Brentwood, Tennessee.

4. Florida Blue is a for-profit corporation organized under the laws of the state of Florida with its principal place of business in Jacksonville, Florida. Florida Blue insures and administers health insurance products and benefits plans throughout Florida.

5. This Court has complete diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as all Plaintiffs are diverse from all Florida Blue and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has federal question jurisdiction pursuant to 9 U.S.C. § 9. Under 9 U.S.C. § 9, any party to an arbitration may commence a summary action in court for confirmation of the award, and thereupon the Court must grant such an application, unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title. *See* 9 U.S.C. § 9.

6. This Court has personal jurisdiction over Florida Blue because, among other reasons, Florida Blue operates, conducts, engages in and carries on a business in Florida and in this District, it maintains offices and facilities in Florida and in this

District, and committed the acts complained of herein in Florida and in this District. Further, Florida Blue is engaged in substantial and not isolated activity in Florida, both interstate and intrastate.

7. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(1) and (c)(2) because Florida Blue is a resident of this District, and the Court has personal jurisdiction over it.

## FACTUAL ALLEGATIONS

8. This dispute arises from Florida Blue's failure to reimburse SpecialtyCare for its health care services provided to Florida Blue's members.

9. At all material times, Florida Blue was obligated to cover and reimburse SpecialtyCare for certain out-of-network ("OON") items and services rendered to Florida Blue's members and insureds under the Federal No Surprises Act ("NSA").

10. The NSA became effective January 1, 2022, and requires health plans and insurers, like Florida Blue, to provide coverage and reimburse providers directly for OON emergency health care services and non-emergency services furnished by OON providers at participating hospitals and facilities.

11. Under the NSA, health plans and issuers have 30 calendar days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. §§300gg-111(b)(1)(C-D). Plans and issuers are allowed to initially pay the OON

provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to negotiate a higher amount. *Id.* § (c)(1)(A). If negotiations fail, the provider may initiate an independent dispute resolution ("IDR") process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* § (c)(1)(B).

12. The IDR process requires both parties to submit position statements and proposed offers of payment for the items and services at issue to the IDR entity. *Id.* §(c)(5)(B)(i). The IDR entity then evaluates both proposed offers based on a number of statutory factors, then selects one offer as the appropriate payment for the items and services at issue. *Id.* § (c)(5)(C).

13. After the IDR entity's determination, the health plan or insurer is required to pay any amount owed **within thirty (30) calendar days.** *Id.* § (c)(6).

14. Since the implementation of the NSA, SpecialtyCare and Florida Blue have engaged in hundreds of IDR processes to resolve OON payment disputes. Likewise, numerous IDR entities have issued determinations clearly requiring Florida Blue to pay SpecialtyCare additional amounts pursuant to the NSA.

15. The IDR awards at issue were rendered in accordance with the NSA, and are, therefore, binding upon SpecialtyCare and Florida Blue. *Id.* § (c)(5).

16. However, Florida Blue has consistently failed to remit payment pursuant to the IDR entity's determinations, resulting in $13,242,850.00 in unpaid and past due claims owed to SpecialtyCare from Florida Blue ("Debt"). A chart identifying each of the unpaid IDR awards at issue in this action, including the dispute numbers for IDR award against Florida Blue and the amount Florida Blue owes under each award, is attached hereto as **Exhibit "A."**

17. Additionally, Florida Blue has consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, beginning when the IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than 120 days past due.

18. SpecialtyCare has made numerous demands to Florida Blue for its payment on the Debt.

19. In January of 2023, SpecialtyCare escalated the issue of Florida Blue's routine failure to pay amounts owed for the IDR entity determinations to Florida Blue. Although not required by the NSA, SpecialtyCare provided an inventory of IDR entity determinations to Florida Blue to aid in the resolution of the Debt. Such inventory listed the following identifying information:

- IDR dispute number
- CPT
- Service Date

- PCN
- Payor Claim Number
- Award Total
- Decision Date
- Expected Payment Date
- Total Payments (to date)
- Still Owed
- Patient Amount Paid

20. SpecialtyCare diligently followed-up with Florida Blue through multiple emails, Florida Blue's online provider portal, and Florida Blue's customer service hotlines, among other avenues. However, Florida Blue frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

21. SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Florida Blue.

22. SpecialtyCare provided and continues to provide OON items and services to Florida Blue's members and insureds and, when necessary to protect its rights, sought reimbursement pursuant to the NSA. Accordingly, SpecialtyCare also expects to enter further transactions with Florida Blue that may yield future IDR entity determinations and increase the Debt.

23. For each IDR determination at issue, Florida Blue made an initial payment on the claim that was unreasonable and well below the amount ultimately awarded in the IDR.

24. Florida Blue makes low initial payments hoping that SpecialtyCare will be too busy to file IDR proceedings or will miss one of the NSA's strict deadlines. This forces SpecialtyCare to go through the IDR process, which is burdensome, on every claim.

25. When SpecialtyCare challenges Florida Blue's low payments and receives IDR awards for higher amounts, Florida Blue then unreasonably delays payment past the statutory payment deadline of thirty days.

26. Florida Blue knows that it is statutorily required to pay IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet their obligations under federal law because they know that they, their shareholders, and the health plans they serve profit from lack of compliance and violation of the mandatory payment obligations. Florida Blue knows that the longer it delays or denies payment, the more they earn from the interest and/or investment income generated for their fully insured business. By delaying payment or not paying IDR awards, Florida Blue is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with them or using the results to market their services to other health plans.

27. Despite SpecialtyCare's numerous demands, Florida Blue has failed to satisfy the Debt. As a result, Florida Blue has forced SpecialtyCare to file this action to obtain the payments owed for services provided by SpecialtyCare. *See* Exhibit A.

## COUNT I – ACTION FOR CONFIRMATION OF IDR AWARDS (9 U.S.C. § 9)

28. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

29. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "***shall be made*** directly to the nonparticipating provider ***not later than 30 days after*** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Florida Blue did not challenge the awards. Florida Blue simply did not pay them.

30. Pursuant to Section 9 of the FAA, a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

31. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA are generally summary in nature. *See*

*Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary[.]").

32. As previously noted, IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to enforcement by the Court under Section 9 of the FAA.

33. SpecialtyCare is entitled to an order confirming the IDR awards.[1]

34. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

35. The amounts owed on unpaid IDR awards total $13,242,850.00, plus pre-judgment and post-judgment interest.

## COUNT II - ACCOUNT STATED

36. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

37. There is presently due and owing to SpecialtyCare from Florida Blue the sum of $13,242,850.00 on an account stated between the parties, which amount represents the total owed on unpaid IDR awards owed by Florida Blue.

[1] The IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Florida Blue has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Florida Blue to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

38. SpecialtyCare has made frequent demands to Florida Blue for the above-described amounts due and owing and provided a statement of Florida Blue's balance owed on the Debt to Florida Blue, a copy of which is attached as Exhibit A.

39. Florida Blue did not object to the validity of the IDR entity determinations underlying the Debt.

40. SpecialtyCare has been directly and proximately damaged by Florida Blue's failure to remit payment in full on the account stated between the parties and is entitled to recover money damages plus prejudgment and post-judgment interest, in an amount to be determined at trial, but in no event less than $13,242,850.00.

## COUNT III – OPEN ACCOUNT

41. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

42. SpecialtyCare provided services to Florida Blue's members, and, as a result of the provided services, a debt was generated.

43. The debt remains unresolved, and, at present, Florida Blue owes SpecialtyCare the Debt of $13,242,850.00 that is due with applicable interest.

44. A copy of the account, in the form of an itemized chart listing the dispute numbers and amount owed for each IDR award against Florida Blue at issue

herein, including the total amount that remains unpaid, is attached hereto as Exhibit A.

**COUNT IV – BAD FAITH VIOLATION OF FLA. STAT. §624.155**

45. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

46. SpecialtyCare asserts a claim for bad faith in violation of Fla. Stat. § 624.155 *et seq*.

47. Florida Blue acted in bad faith through the following unfair claim settlement practices, in violation of Section 624.155, Florida Statutes:

a. Failing to adopt and implement standards for the proper investigation of claims underlying the IDR entity determinations at issue;

b. Failing to acknowledge and act promptly upon communications with respect to the claims underlying the IDR entity determinations at issue;

c. Denying payment for the claims underlying the IDR entity determinations at issue without conducting reasonably investigations based upon available information;

d. Failing to promptly provide a reasonable explanation in writing for its denial of payment of the claims underlying the IDR entity determinations at issue; and

e. Failing to remit timely payment for any undisputed amounts owed for the claims underlying the IDR entity determinations at issue of which Florida Blue's obligation for such payment was reasonably clear.

48. The foregoing practices occur with such frequency as to indicate a general business practice of Florida Blue and these acts/omissions have been in reckless disregard for its insureds.

49. As a direct and proximate cause of Florida Blue's actions and/or inactions as set forth above, SpecialtyCare has been damaged.

50. SpecialtyCare complied with all conditions precedent to filing this action by placing Florida Blue and the Florida Department of Financial Services on notice of such claim by filing a Civil Remedy Notice of Insurer Violations on November 3, 2023. A copy of the Civil Remedy Notice of Insurer Violation is attached hereto as **Exhibit "B."**

51. As SpecialtyCare has still not received full payment of the claims underlying the IDR entity determinations at issue, Florida Blue failed to cure the

alleged violations as outlined in the Civil Remedy Notice within the sixty (60) day cure period provided in Section 624.155, Florida Statutes.

52. SpecialtyCare seeks recovery of damages in the amount of $13,242,850.00, plus pre- and post-judgment interest, and reasonable attorneys' fees pursuant to Fla. Stat. § 624.155(7). Florida Blue's violations of Fla. Stat. §624.155 occur with such frequency as to indicate a general business practice of Florida Blue and are done intentionally, willfully, and maliciously, thereby justifying an award of punitive damages pursuant to Fla. Stat. § 624.155(8).

**COUNT V - QUANTUM MERUIT (ALL IDR AWARDS)**

53. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

54. SpecialtyCare rendered OON services and items to Florida Blue's members and insureds.

55. Florida Blue was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

56. Therefore, Florida Blue received a significant economic benefit from SpecialtyCare's services.

57. Florida Blue has knowledge of the benefits conferred upon it.

58. Florida Blue has voluntarily accepted and retained the benefits conferred upon it.

59. Florida Blue's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Florida Blue received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

60. Thus, Florida Blue has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Florida Blue's initial payments were low and not commensurate to the reasonable value of the benefits conferred on it by SpecialtyCare.

61. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Florida Blue was obligated to make payment within thirty ("30") days of the IDR awards being issued.

62. Florida Blue has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

63. Florida Blue continues to improperly retain the amounts owed on the IDR awards at issue herein.

64. It would be inequitable for Florida Blue to retain the benefits of the services provided by SpecialtyCare without paying the full value of the benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

65. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $13,242,850.00.

**COUNT VI – UNJUST ENRICHMENT (ALL IDR AWARDS)**

66. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

67. SpecialtyCare rendered OON services and items to Florida Blue's members and insureds.

68. These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Florida Blue to retain the benefit without commensurate compensation.

69. Florida Blue was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

70. Therefore, Florida Blue received significant economic benefits from SpecialtyCare's services.

71. Florida Blue has knowledge of the benefits conferred upon it.

72. Florida Blue has voluntarily accepted and retained the benefits conferred upon it.

73. Florida Blue's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Florida Blue received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

74. Thus, Florida Blue has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Florida Blue's initial payments were low and not commensurate to the value of the benefits conferred on it by SpecialtyCare.

75. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Florida Blue was obligated to make payment within thirty ("30") days of the IDR awards being issued.

76. Florida Blue has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

77. Florida Blue continues to improperly retain the amounts owed on the IDR awards at issue herein.

78. Florida Blue would be unjustly enriched if allowed to retain the benefit of the services provided by SpecialtyCare without paying the full value thereof benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

79. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $13,242,850.00.

## PRAYER FOR RELIEF

WHEREFORE, SpecialtyCare respectfully prays for the following relief:

A. An Order confirming each IDR award included in Exhibit A pursuant to 9 U.S.C. § 9;

B. An Order enforcing all the IDR Awards not paid within thirty days as required by federal law in an amount not less than $13,242,850.00 and a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961;

C. Attorney's fees and costs pursuant to section 624.155(7) Florida Statutes;

D. Punitive damages pursuant to section 624.155(8), Florida Statutes;

E. Equitable relief requiring Florida Blue comply with the NSA by paying all future IDR awards within thirty ("30") days; and

F. Any and all additional legal or equitable relief to which SpecialtyCare may be entitled.

## JURY TRIAL DEMAND

SpecialtyCare demands a trial by jury for all issues so triable as a matter of right.

Dated: October 30, 2024.

Respectfully submitted,

*/s/ James V. Etscorn*

James V. Etscorn
Email: jetscorn@bakerlaw.com
Secondary email: mrios@bakerlaw.com
orlbakerdocket@bakerlaw.com
Florida Bar No.: 705111
Andrew T. Hughes
Florida Bar No. 1031858
Email: ahughes@bakerlaw.com
secondary email:
mpetrovich@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
407.649.4000
*Attorneys for Plaintiffs*