# EXHIBIT "B"

# Review Notice

**Complainant**

Last/Business Name * Arena First Name John
Street Address * 3 Maryland Farms Suite 200
City, State Zip * Brentwood, Tennessee 37027
Email Address * John.Arena@specialtycare.net
Complainant Type: * Third Party

**Insured**

Last/Business Name* SpecialtyCare First Name
Policy # * Unknown Claim #* Unknown

**Attorney**

Attorney is Applicable ☑
Last Name* Arters First Name * Joshua Initial D
Street Address* 501 Commerce St., Suite 1300
City, State Zip* Nashville , Tennessee 37219
Email Address * jarters@polsinelli.com

**Violation**

Insurer Name* BLUE CROSS & BLUE SHIELD OF FLORIDA, INC. (98167)

Name of individual responsible for violation (if any):* Unknown
Type of Insurance * Accident & Health

Reason for Notice *

Unfair Trade Practice
Claim Delay
Claim Denial
Unsatisfactory Settlement Offer

* Statutory provision(s) which the insurer allegedly violated.

| | |
|---|---|
| 624.155(1)(b)(3) | Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. |
| 626.9541(1)(i)(1) | Attempting to settle claims on the basis of an application, when serving as a binder or intended to become a part of the policy, or any other material document which was altered without notice to, or knowledge or consent of, the insured. |
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |

* Specific policy language that is relevant to the violation.
Enter all words or phrases (one at a time) that should be used to filter.

N/A

* Facts and circumstances giving rise to the violation.
Enter all words or phrases (one at a time) that should be used to filter.

Since the implementation of the NSA, the SpecialtyCare and Blue Cross Blue Shield of Florida have engaged in hundreds of negotiations and independent dispute resolution ("IDR") processes to resolve Out Of Network payment disputes. Likewise, numerous IDR entities have issued determinations clearly requiring Florida Blue to pay SpecialtyCare additional amounts pursuant to the NSA. Blue Cross Blue Shield of Florida has not disputed the validity of the IDR entity determinations. Blue Cross Blue Shield of Florida has consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, beginning when the issued IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than one-hundred-twenty (120) days past due. SpecialtyCare has made numerous demands for payment, but Blue Cross Blue Shield of Florida has failed to pay. Blue Cross Blue Shield of Florida has acted in bad faith and has employed unfair or deceptive acts by engaging in unfair claim settlement practices with respect to many out-of-network claims submitted to the federal IDR process. It failed to adopt and implement standards for the proper investigation of claims underlying the IDR entity determinations at issue. It failed to acknowledge and act promptly upon communications with respect to the claims underlying the IDR entity determinations at issue. It denied payment for the claims underlying the IDR entity determinations at issue without conducting a reasonable investigation based upon available information. It failed to promptly provide a reasonable explanation in writing for its denial of payment of the claims underlying the IDR entity determinations at issue, and it failed to timely remit payment for the undisputed amounts owed for the claims underlying the IDR entity determinations at issue even though Florida Blue's obligation for such payment was reasonably clear.

**Acknowledgement**

☑ * The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

Before submitting a Notice using this system, please verify that all text has been entered correctly and completely. Once the Notice has been submitted, the text cannot be changed or deleted.

Edit Filing | Submit

JIMMY PATRONIS
FLORIDA'S CHIEF FINANCIAL OFFICER

# Civil Remedy Notice of Insurer Violations

mike.pope@specialtycare.net

Home Create Filing Search Filings Subscriptions Change Password Help/FAQ Logout

Filing number 725551 is accepted.

Filing Accepted 11/3/2023

Notice of Acceptance of this "Civil Remedy Notice of Insurer Violation" confirms the submission has met the specific standards for acceptance by the automated system. The system specificity standards validate only that the required fields on the form contain data. The standards do not evaluate the quality or detail of the data. Acceptance of this on-line form by the system confirms the Department's receipt of this Civil Remedy Notice, and the Department has sent a copy of this Notice to the authorized insurer. You can print or save a copy of the accepted "Civil Remedy Notice of Insurer Violation" form using the "Print Filing" option below.

Print Filing